FILED: February 17, 2009

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 07-4117
(1:04-cr-00255-BEL)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JERRY LEE JENKINS,

Defendant - Appellant

_____

O R D E R

_____

The Court amends its opinion filed February 17, 2009, as
follows:

On the title page, the district court case number is
amended by substituting "cr" for "cv."

For the Court--By Direction

/s/ Patricia S. Connor, Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4117**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JERRY LEE JENKINS,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, Chief District Judge. (1:04-cr-00255-BEL)

───────────

Submitted: January 30, 2009     Decided: February 17, 2009

───────────

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Raymond J. Rigat, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, James G. Warwick, Tonya Kelly Kowitz, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Jenkins was convicted by a jury of one count of bank robbery, in violation of 18 U.S.C. § 2113(a), (f) (2006), and was sentenced to 210 months of imprisonment. On appeal, he argues that the district court erred in failing to order sua sponte a mental competency hearing. Finding no error, we affirm.

Whether the district court should have sua sponte ordered a competency hearing is reviewed for an abuse of discretion. United States v. General, 278 F.3d 389, 396 (4th Cir. 2002). A district court must determine if "[the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). The defendant shall be considered incompetent if the district court finds, "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d) (2006). The defendant bears the burden of establishing his incompetence. United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005).

2

Jenkins' statements indicate that he is among a growing number of prisoners adhering to a "flesh and blood" sovereign man philosophy. See United States v. Mitchell, 405 F. Supp. 2d 602, 603-06 (D. Md. 2005) (describing the theory, its sources, and its anti-government movement predecessors). Adherence to an ill-advised, self-defeating legal strategy does not indicate incompetence to stand trial. United States v. Banks, 482 F.3d 733, 743 (4th Cir. 2007). Competency determinations turn only on the defendant's capacity to understand the proceedings, the capacity to assist in his defense, and the capacity to communicate with counsel, and not on his willingness to do so. See Bell v. Evatt, 72 F.3d 421, 432 (4th Cir. 1995).

Jenkins' filings with the court and statements to the court indicate that Jenkins was able to articulate his, albeit unconventional, legal strategy. His choice to pursue the flesh and blood defense was not indicative of a mental defect or incompetence. Although the court strongly recommended that the Bureau of Prisons assess Jenkins for suspected bipolar disorder, nothing in the record indicates that such illness rendered Jenkins incompetent to stand trial or be sentenced. Further, although Jenkins highlights his drug and alcohol abuse as a contributing factor to incompetence, there is no evidence demonstrating that the abuse rendered him incompetent.

3

Accordingly, we conclude that the district court's failure to hold a hearing sua sponte on Jenkins' mental competency was not an abuse of discretion and affirm the judgment. We deny Jenkins' motion for a competency determination on appeal and pro se motion to dismiss counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4